<u>CRIMINAL PROCEEDINGS</u> - **Sentencing**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Judge David C. Nye | Date: **September 16, 2019** |
| Case No. **CR18-345-DCN** | Deputy Clerk: Pamela Fulwyler |
| Place: Boise, ID | Reporter: Katherine Eismann |
| | Time: 9:10 am - 9:30 am |

UNITED STATES OF AMERICA vs FRANCISCO JAVIER LOPEZ

Probation Officer: Mike Cruiser
Interpreter: n/a

Counsel for United States: Christopher Atwood
            Defendant : Thad Blank

(X) Court reviewed case history.
(X) Defendant previously entered a plea of **GUILTY to Count One of the Indictment and agreed to the forfeiture in the plea agreement.**

Total Combined offense Level 25 Criminal History Category VI Guideline Range of 110-120 months

(X) Objections to the Presentence Report to paragraph 17, 42 and 44: Overruled
(X) Objections to the Presentence Report to paragraph 18: Sustained
(X) Counsel made arguments and sentencing recommendations to the Court.
(X) Court granted 3rd level for acceptance of responsibility. Already in provided for in the sentencing recommendations.
(X) Offense Level is 21 with a Criminal History Category of VI.  Which yields Guideline Range of 77-96 months.
(X) Court accepts the Presentence report and addendum adopted, except as modified here today.
(X) Court briefly addressed 3553(a) factors and finds there is no grounds to sentence outside the guideline range as stated on the record.
(X) Defendant made no remarks on his own behalf.

SENTENCE: Defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 96 months.

The term of imprisonment imposed by this judgment shall run concurrently with the defendant's anticipated terms of imprisonment pursuant to the judgments in the District Court, Twin Falls County, ID; Docket No.: CR42-16-5546 and District Court, Bonneville County, ID; Docket Nos.: CR-2010-12327 and CR-2010-11862.

It is further ordered that the defendant shall pay to the United States a fine of $1,000. The fine shall be paid immediately.  A $100 special assessment is due immediately.

All monetary penalties are due and payable immediately.

Having considered the defendant's financial resources, the Court orders payment under the following schedule unless modified by the Court:

During the term of supervised release, the defendant shall submit nominal monthly payments of 10% of gross income, but not less than $25 per month.

The foregoing does not preclude collection efforts under 18 U.S.C. § 3613.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years.  Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

Supervised release is imposed upon the following terms and conditions:

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release on supervision and to a maximum of 5 periodic drug tests a month thereafter for the term of supervision as directed by the probation officer.  The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant shall not possess a firearm, ammunition, destructive device or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with all general and special terms of supervised release, and all standard conditions of supervision, as outlined in the judgment in a criminal case, to be filed by this Court. The defendant shall also comply with the following special conditions of supervision.

The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

The defendant shall abstain from the use of alcohol and shall not be present in any location where alcohol is the primary item of sale.

The defendant shall participate in a program of mental health treatment, as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

As directed by a mental health professional, the defendant shall take all medications as prescribed. The cost of medication to be paid by both the government and the defendant based upon the defendant's ability to pay.

The defendant shall use only one pharmacy for obtaining prescription medication, report that pharmacy to the probation officer and notify the probation officer of any changes.

The defendant shall use only one doctor, physician's assistant or nurse practitioner as a primary care physician. The defendant shall report the chosen medical provider to the probation officer and notify the probation officer of any changes.

The defendant shall advise any treating medical practitioner of their personal history of prescription medication use and abuse.

(X) Government is seeking Forfeiture, pursuant to the plea agreement or as ordered by the Court.

(X) Defendant advised of penalties for violation of terms and conditions of supervised release.
(X) Right to appeal explained.
(X) Defendant to be placed at the facility in Memphis, Tennessee.
(X) Defendant to participate in the RDAP Program.
(X) Defendant remanded to the U.S. Marshal Service.