UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO JAVIER LOPEZ,<br><br>Defendants. | Case No. 1:18-cr-00345-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendant Francisco Javier Lopez's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkts. 32-1, 39. The Government has filed an opposition to Lopez's Motion. Dkt. 41. Lopez failed to file a reply. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

# II. BACKGROUND

On September 16, 2019, after pleading guilty to unlawful possession of firearms, the Court sentenced Lopez to 96 months incarceration to be followed by three years of

supervised release. Dkt. 29. Lopez is currently incarcerated at Federal Correctional Institution Victorville Medium II, in Victorville, California (FCI Victorville Medium II). His projected release date is July 12, 2025. Dkt. 41, at 3.

On August 3, 2020, Lopez submitted a request for compassionate release to the warden at FCI Victorville Medium II. Dkt. 39, at 6. Lopez received no response from the warden. *Id.* Lopez then filed a Motion for Compassionate Release with this Court on September 17, 2020. Dkt. 32-1. Later, the Court appointed Lopez an attorney who refiled the Motion for Compassionate Release on November 23, 2020. Dkt. 39. Lopez asserts that his medical condition—hypertension—in conjunction with COVID-19, justifies release. Dkt. 43, at 4.

## III. LEGAL STANDARD

Lopez seeks compassionate release under the First Step Act ("FSA"), newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[1] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with

---

[1] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

MEMORANDUM DECISION AND ORDER - 2

applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Lopez submitted his request for compassionate release with the FCI Victorville Medium II staff on August 3, 2020. The Bureau of Prisons never responded. Because Lopez filed this motion with the Court more than 30 days after submitting his request to the warden—the Court finds that he has exhausted his administrative remedies.

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

### B. Extraordinary and Compelling Reasons

Having determined that Lopez exhausted his administrative remedies, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Lopez's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Lopez bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 3:13-cr-0044-BR, 2020 WL 1673440, at 3 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). Because this is no longer the law with the FSA, which allows defendants to seek relief directly from the court, this "leaves district courts in a conundrum." *Id*. (explaining that Congress now allows district courts to grant petitions "consistent with the applicable policy

statements" from the Sentencing Commission, although the Sentencing Commission "has not made the policy statements for the old regime applicable to the new one").

A growing number of district courts have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in [U.S.S.G. § 1B1.13] warrant compassionate release." *Rodriguez*, 411 F. Supp. 3d at 682 (collecting cases). However, other courts have concluded "a judge may not stray beyond the specific instances listed in [U.S.S.G. § 1B1.13]." *Mondaca*, 2020 WL 1029024, at *3 (citations omitted); *see also United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (stating U.S.S.G. § 1B1.13's descriptions of extraordinary and compelling reasons "remain current, even if references to the identity of the moving party are not").

The Court need not decide the issue, however, because Lopez suggests one of the specific scenarios set out in the Sentencing Commission's policy statement applies in this case. *Brown*, 411 F. Supp. 3d at 451 (district courts "still must act in harmony with any sentencing policy guidelines that remain applicable and the § 3553(a) factors").

Here, Lopez seeks compassionate release under the "medical condition" scenario in subdivision (A) of U.S.S.G. 1B1.13, Application Note 1.[3] He argues that his high blood

---

[3] The "medical condition of the defendant" may constitute an extraordinary and compelling reason for release where:

    (A)    Medical Condition of the Defendant.—
    (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e.,

MEMORANDUM DECISION AND ORDER - 5

pressure and a history of smoking, in conjunction with the COVID-19 pandemic, puts him among those with the highest risk of death, which constitutes an extraordinary and compelling reason warranting his release. However, FCI Victorville Medium II currently shows only five confirmed active cases among inmates.[4] Accordingly, there is no evidence to suggest that Lopez would be at less risk to contract the virus if he were released. Multiple courts have denied compassionate release to prisoners, even those with high-risk medical conditions, because many of them would likely be less exposed to the pandemic by remaining at the prison. *See United States v. Singui*, 445 F. Supp. 3d 212, 215 (N.D. Cal. 2020) (denying compassionate release to inmate with diabetes, high blood pressure, and high cholesterol; observing that "there is little evidence that [the defendant] is presently at greater risk of contracting the virus at MDC than in the general population: MDC has no current reported infections, inmates at MDC are housed in separate units, and the staff at

---

        a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii)    The defendant is—

   (I)    suffering from a serious physical or medical condition,

   (II)    suffering from a serious functional or cognitive impairment, or

   (III)    experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1(A).

[4] *Coronavirus*, FEDERAL BUREAU OF PRISONS (last updated Jan. 12, 2021), *available at* https://www.bop.gov/coronavirus/.

MEMORANDUM DECISION AND ORDER - 6

MDC has undertaken a variety of interventions [] to prevent the virus from reaching and spreading within the prison"); *United States v. Wright*, 2020 WL 1922371, at *3 (S.D.N.Y. Apr. 20, 2020) (denying motion for inmate with diabetes, noting, it appears "the BOP has been successful at limiting the spread of the virus within the MCC . . . despite the close proximity of inmates, the BOP is able to impose restrictions on visitors and restrictions on internal movements that are more difficult to impose outside prison walls. There is no reason to believe at this juncture that [defendant] would be at any less of a risk from contracting COVID-19 if he were to be released.").

In addition, the Government highlights the fact that FCI Victorville Medium II has had a "Pandemic Influenza Plan" in place since 2012. The BOP activated that plan in January 2020 to prevent the spread of COVID-19 in BOP facilities. And FCI Victorville Medium II does not have a significant number of positive cases—the facility is considered low risk for purposes of considering general exposure to COVID-19. As such, COVID-19 at the facility does not raise inmate's situation to "extraordinary." Additionally, in accordance with the Center for Disease Control (CDC) recommendation and guidelines for high-risk medical conditions in conjunction with COVID-19, the Government maintains that hypertension and smoking do not automatically place Lopez at a higher risk. Under the guidelines, the CDC place individuals into two categories: those that meet the threshold of increased risk and those that *might* be at increased risk depending on additional prevalent

factors.[5] Additional prevalent factors include, but are not limited to, age, obesity, diabetes, etc. The Government emphasizes that because Lopez only might be at risk, he has failed to meet his burden of proof. Consequently, the Government points out that releasing Lopez would not necessarily place him in a better position than his current arrangements at FCI Victorville Medium II. Thus, in its estimation, a request for compassionate release for threat of contracting the virus when the threat of the virus is low and where an individual only might be at an increased risk (or at equal risk if released) fails to rise to the level of extraordinary. The Court agrees. Lopez is at a low-risk facility. He has not sufficiently shown that because of his health conditions he is at any heightened risk of contracting COVID-19, but only that he *might* be at risk. And finally, if released, Lopez has not shown how he would be at less risk than he is now. Because of this, he has not met his burden of proof.

Lastly, the Government emphasizes that Lopez has a lengthy criminal history and remains a danger to society. The Court agrees. Lopez has only served a quarter of his ninety-six-month sentence—this is of concern to the Court. A reduction in a sentence at this stage would be contrary to the § 3553(a) sentencing factors by diminishing the seriousness of the offense, representing inadequate punishment, promoting no respect for the law, and effectuating no deterrence.

---

[5]*People with Certain Medical Conditions,* Center of Disease Control (last updated February 3, 2021) *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#smoking

In sum, the Court finds that Lopez has exhausted his administrative remedies. However, Lopez has not shown that he has an extraordinary and compelling reason that would justify release at this time: FCI Victorville Medium II does not have a significant number of positive cases—the facility is low risk for purposes of considering general exposure to COVID-19 as an "extraordinary" reason justifying release—and Lopez's medical condition does not rise to the level of extraordinary absent additional prevalent factors, which Lopez offered none. Furthermore, the Court finds there are persuasive reasons *not* to release Lopez. Weighing all relevant evidence, and relying on the 3553(a) factors, the Court finds that Lopez has not met his burden of proof. Accordingly, the Court must DENY Lopez's Motion.

## V. ORDER

The Court HEREBY ORDERS:

1. Lopez's Motion for Compassionate Release (Dkts. 32-1, 39) is DENIED.

DATED: February 25, 2021

David C. Nye
Chief U.S. District Court Judge