UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>FRANCISCO JAVIER LOPEZ,<br><br>Defendants. | Case No. 1:18-cr-00345-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

On February 25, 2021, the Court issued a Memorandum Decision and Order denying Lopez's Motion/s for Compassionate Release in this case. Dkt. 42.

Over six months later, on September 13, 2021, Lopez filed a Motion to Appeal. Dkt. 43. The Motion reads, in its entirety, "I filed for compassionate release procese [sic] on November 23, 2022 and I was unaware of the appeal process. I respectfully request for the Courts to grant me the ability to begin the appeal process now[.] Thank you for your time and consideration on this matter." *Id*.

Although not entirely clear, it appears Lopez wishes to appeal the Court's Order denying his motion/s for compassionate release. Thus, the Court will review the request as a Motion for Extension of Time to Appeal.

Pursuant to the Federal Rules of Appellate Procedure, any appeal from a criminal order must be filed within 14 days of entry of the order or judgment challenged. Fed. R. App. P. 4(b)(1)(A). Additionally, a party may request—either before or after the expiration

MEMORANDUM DECISION AND ORDER - 1

of the 14 days—an extension of the deadline. Fed. R. App. P. 4(b)(4). If the Court finds excusable neglect or good cause, it may extend the time to appeal by up to 30 days. *Id*.

In this case, Lopez was required to file his appeal by March 11, 2021. Had he timely requested an extension, the Court could have extended that deadline to April 11, 2021.

Lopez did not seek an extension until over five months after any potential *extended* deadline had already expired. Furthermore, his only justification was that he was "unaware of the appeal process." Dkt. 43. This does not constitute good cause or excusable neglect justifying an extension.

An analysis of 'good cause' and 'excusable neglect' generally requires a court to analyze the four factors set out by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). These factors include danger of prejudice, length of the delay and its potential impact on judicial proceedings, reason for the delay, and whether the movant acted in good faith. *Id*. at 395.

The Court will not review those factors here because Lopez's Motion is, in itself, extremely untimely. Said differently, even if the Court could consider Lopez's reasons for needing an extension—that he was unaware of the appeals process—and even if the Court wanted to grant the extension, it would not matter because, again, any potential extended

MEMORANDUM DECISION AND ORDER - 2

deadline has long-since passed. Simply put, the Court *cannot* extend the deadline for Lopez to appeal at this point.[1]

The Motion for Extension of Time to Appeal (Dkt. 43) is DENIED.

DATED: December 29, 2022

David C. Nye
Chief U.S. District Court Judge

---

[1] Lopez's pro se status does not excuse his tardiness (or his ignorance of the appeals process). A defendant's "pro se status does not excuse the obligation to comply with the fundamental requirements of the Federal Rules of Criminal Procedure." *United States v. Fields*, 2016 WL 10587955, at *2 (D.N.M. Mar. 4, 2016).

MEMORANDUM DECISION AND ORDER - 3